# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHANNA W.,[1] | : | Case No. 3:20-cv-000125 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

## I. INTRODUCTION

Plaintiff protectively filed an application for Disability Insurance Benefits and Supplemental Securty Income in April 2016 and June 2018, respectively. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 14), the Commissioner's Memorandum in Opposition (Doc. 17), Plaintiff's Reply (Doc. 18), and the administrative record (Doc. 12).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since August 1, 2014. At that time, she was 35 years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 12-2, PageID 64-75), Plaintiff's Statement of Errors (Doc. 14), the Commissioner's Memorandum in Opposition (Doc. 17), and Plaintiff's Reply (Doc. 18). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence

3

supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since August 1, 2014, the alleged onset date.

Step 2: She has the severe impairments of "degenerative disc disease of the cervical spine, cervical arthritis, degenerative disc disease of the lumbar spine, and lumbar herniated disc with nerve compression."

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "no climbing of ladders, ropes and scaffolds; and occasional balancing, stooping, crouching, kneeling and climbing of ramps and stairs."

4

>                She is able to perform past relevant work as a receptionist and administrative clerk.
>
> Step 5:        In the alternative, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 12-2, PageID 66-74.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 74-75.)

## V.     ANALYSIS

Plaintiff contends, among other alleged errors, that the ALJ "failed to identify obesity as a severe impairment at Step Two and to consider it [at] all stages of the sequential evaluation." (Doc. 14, PageID 1697.) Agreeing that the ALJ's failure to evaluate obesity constitutes reversible error, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address all of them on remand.

Plaintiff cites to Social Security Ruling (SSR) 02-01p, 2002 WL 34686281 (Sept. 12, 2002) in support of the argument that the ALJ failed to adequately consider obesity.[3] (Doc. 14, PageID 1701.) SSR 02-1p explains how an ALJ should consider obesity at Steps Two through Five of the sequential evaluation analysis.[4] SSR 02-01p, 2002 WL 34686281 (Sept. 12, 2002). To establish obesity as a "medically determinable

---

[3] The Social Security Administration (SSA) rescinded and replaced SSR 02-1p with SSR 19-2p in May 2019. However, prior rule SSR 02-1p still applies in this case. The text of the new rule states: "We will apply this notice on May 20, 2019." SSR 19-2p, 2019 WL 2374244 (May 20, 2019). The SSA further explained in a footnote that SSR 19-2p applies "to new applications filed on or after the applicable date of the SSR and to claims that are pending on or after the applicable date." *Id*. at *5. However, the SSA further stated: "We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." *Id.* Accordingly, because the decision in this case was issued on January 2, 2019, when the prior rule was in effect, this Court will review the decision using prior rule SSR 02-1p.

[4] Although SSRs do not have the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1).

impairment," an ALJ will generally "accept a diagnosis of obesity given by a treating source or by a consultative examiner," absent evidence to the contrary. *Id.* at *3. When deciding whether an individual has obesity, an ALJ will consider the individual's weight over time. *Id.* at *4. The ALJ will consider an individual obese as long as the person's weight or BMI "shows essentially a consistent pattern of obesity." *Id.*

     The SSR explains that obesity is a "severe" impairment at Step Two when, "alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-01p, 2002 WL 34686281, at *4 (Sept. 12, 2002). At Step Three, a listing is met if a claimant has "an impairment that, in combination with obesity, meets the requirements of a listing." *Id.* at *5. Obesity, by itself or in combination with other impairments, may also be "equivalent in severity to a listed impairment." *Id.* The SSR further explains that an ALJ "will not make assumptions about the severity or functional effects of obesity combined with other impairments" but "will evaluate each case based on the information in the case record." *Id.* at *6.

     According to the SSR, obesity can cause "limitation of function." SSR 02-01p, 2002 WL 34686281, at *6 (Sept. 12, 2002). Obesity may limit exertional, postural, and manipulative functions, as well as the "ability to perform routine movement and necessary physical activity within the work environment," or to "sustain a function over time." *Id.* The SSR further states that when obesity is a medically determinable impairment, the ALJ will "consider any functional limitations resulting from the obesity

6

in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments that we identify." *Id.* at *7.

The Sixth Circuit has recognized that an ALJ is not required to use any "particular mode of analysis" when assessing the effect of obesity. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006). However, SSR 02-1p does "direct[]" an ALJ to "consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (citing *Bledsoe*, 165 F. App'x. at 411-12).

Moreover, this Court has required the Commissioner to conduct at least some analysis for claimants with obesity. *See Stone v. Comm'r of Soc. Sec.,* No. 3:12-CV-197, 2013 WL 5424772, at *2 (S.D. Ohio Sept. 26, 2013) (Rice, D.J.) ("While the Court agrees with the Magistrate Judge's conclusion that '[i]t is a mischaracterization to suggest that SSR 02-1p, 2002 SSR LEXIS 1 offers any particular procedural mode of analysis for obesity claimants,' some analysis of the aggravating tendencies on function caused by obesity, in conjunction with and upon all other severe impairments found by the Hearing Officer, must be performed.").

In this case, the medical records consistently document BMI levels of well above 30 (*see, e.g.*, Doc. 12-7, PageID 399, 571, 556, 675, 1053, 1097), which equate to a classification of obesity pursuant to the medical criteria established by the National Institutes of Health. SSR 02-01p, 2002 WL 34686281, at *2 (Sept. 12, 2002). Further, on several occasions, Plaintiff's BMI exceeded 40, which indicates "extreme" obesity. (*See, e.g* Doc. 12-7, PageID 405, 652, 675-76.) While not necessarily indicative of any specific

7

degree of functional loss, such BMI levels represent the greatest risk for developing obesity-related impairments. SSR 02-01p, 2002 WL 34686281, at *6 (Sept. 12, 2002).

Plaintiff's providers diagnosed obesity, recommended weight loss, and documented musculoskeletal and neurological examination abnormalities on several occasions. For example, family physician Dr. Gaglione diagnosed obesity and counseled Plaintiff on exercise and weight loss in June 2016. (Doc. 12-7, PageID 675-76.) A physical examination at that time showed cervical and lumbar muscle spasms. (*Id.*) Dr. Gaglione again referred to a diagnosis of obesity and counseled Plaintiff on exercise and weight loss in October 2016 and February 2018. (*Id.,* PageID 1163, 1217.) The physical examination in October 2016 showed lumbar and sacroiliac tenderness and decreased sensation (*id.,* PageID 1216), and the February 2018 examination showed spasms, pain upon straight leg raising, and left great toe weakness. (*Id.,* PageID 1162.) Despite these documented findings of obesity, the ALJ did not mention Plaintiff's obesity or SSR 02-1p in his decision.

Comparing this case to *Stone,* the ALJ in that case gave what the Court described as a "passing reference" to SSR 02-1p. 2013 WL 5424772, at *2. The ALJ acknowledged that the *Stone* claimant's obesity "'constitutes an impairment that results in functional limitations as provided' in that Ruling," and "acts to aggravate symptoms of his other documented impairments." *Id.* Yet, this Court found that the ALJ's analysis did not sufficiently evaluate the claimant's obesity under SSR 02-1p. *Id.*

In this case, the ALJ did even less: he did not make even a "passing reference" to the SSR or obesity; instead, he made <u>no</u> reference to Plaintiff's obesity. Thus, the ALJ

8

failed to demonstrate that he was even aware of Plaintiff's obesity, much less that he considered the "aggravating tendencies on function" caused by Plaintiff's obesity with her other severe impairments as required by SSR 02-1p. The ALJ's failure to follow SSR regulations constitutes reversible error.

Defendant argues that its decision should nevertheless be upheld because Plaintiff did not "explain how her obesity limited her beyond the restrictions already in the ALJ's RFC finding," and there is no indication in the record that Plaintiff's obesity caused more extreme limitations than those already found in the RFC determination. (Doc. 17, PageID 1723.) Defendant contends that "[i]t is Plaintiff's burden to prove how her impairments limited her during the time she alleges she was disabled." (*Id.,* citing 20 C.F.R. § 404.1512).

Defendant's arguments are not well-taken. Although Plaintiff generally does bear the burden of proving disability and submitting relevant evidence to the ALJ (20 C.F.R. § 404.1512), Social Security regulations, rulings, and Sixth Circuit precedent require the ALJ to follow the five-step sequential evaluation process to decide whether Plaintiff is disabled. *See* 20 C.F.R. § 404.1520. The ALJ is charged with the final responsibility for determining a claimant's residual functional capacity, based on the evidence as a whole. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1520(a)(4)(iv). Although SSRs do not have the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration. 20 CFR § 402.35(b)(1). The ALJ violated applicable Social Security rules and regulations and reversibly erred by failing to address Plaintiff's obesity pursuant to SSR 02-1p.

Further, as discussed above, obesity may increase the severity of coexisting or related impairments, and obesity—either alone or in combination with other impairments—can cause limitations on functioning, including affecting exertional, postural, and manipulative abilities. SSR 02-01p, 2002 WL 34686281, at *5-7 (Sept. 12, 2002). According to SSR 02-1p, obesity "may increase the severity of coexisting or related impairments…" and "this is especially true of musculoskeletal, respiratory, and cardiovascular impairments." *Id.* at *5.

In this case, Plaintiff's other "severe" impairments of cervical and lumbar disorders are musculoskeletal in nature. (Doc. 12-2, PageID 66.) As discussed above, Plaintiff's providers documented abnormalities, such as muscle spasms, weakness, and pain upon straight leg raising, in conjunction with BMI levels exceeding 40. (*E.g.,* Doc. 12-7, PageID 1162, 1216.). Thus, the record does indicate that obesity may exacerbate the limitations caused by Plaintiff's other "severe" impairments. This Court rejects Defendant's argument that the limitations in the RFC already account for Plaintiff's obesity, because the ALJ did not mention obesity or evaluate the functional effects of obesity in the decision. The ALJ violated applicable Social Security regulations and reversibly erred by failing to evaluate obesity pursuant to SSR 02-1p.

## VI.     CONCLUSION

The decision of the Commissioner cannot be upheld because the SSA's failure to follow its own regulations has prejudiced Plaintiff on the merits. *See Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d, 647, 651 (6th Cir. 2009). Thus, the ALJ's failure to address obesity pursuant to SSR 02-1p constitutes an error of law warranting reversal.

**VII.    REMAND**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g.*, *Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding

11

this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 14) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge